By the Court.
It is pretty well settled under the American system of government that a public office is a public trust, and that public property and public money in the hands of or under the control of such officer or officers constitute a trust fund, for which the official as trustee should be held re *260 sponsible to the same degree as the trustee of a private trust fund. Surely the public rights ought to be as jealously safeguarded as the rights of any individual made the beneficiary of a trust by the private party creating such trust.
It is at least a novel claim to urge that when one violates the plain, pertinent provisions of his trust, such violation is mere negligence, and that where the law points out the official duty in clear, understandable terms and the official duty is as clearly ignored, or undone, or disregarded by the public officer, and a loss of money or funds proximately results therefrom, such violation of public duty upon the part of the public trustee constitutes no such wrong as may be made the basis of a suit at law to recover for the public the money so lost or misappropriated by the failure of the public officer to do his plainly prescribed duty under the law.
Of course if the matter is one of discretion-in the performance of duty, that would present quite a different question, but the law does not vest a trustee'with discretion as to the issuance of warrants in this respect, but plainly outlines and defines exactly what the trustee shall do touching claims against the public fund.
It is quite proper to say that matters in general that are committed to the pure discretion of a public officer, and loss to the public in fupds or character of service, could not be availed of in a suit-against the public officer or his bondsmen. But such a case is not presented here.
The evidence unmistakably shows, even in the majority opinion of the court of appeals, that there *261 was a plain failure of the clear duty on the part of the board of trustees. The majority opinion uses this language:
“In this case the township clerk misappropriated various sums of money belonging to the township. His misappropriation was accomplished by procuring the signature of the township trustees to orders upon the treasurer, which orders were left in blank both as to amount and as to payee. This method he had pursued over a considerable space of time, and had been able to conceal from the eyes of the state inspectors his wrongs, until the last examination.”
To say that this is negligence does violence to the simplest forms of English. It is malfeasance in office, undoubted dereliction of a clear public duty; and the fact that it had been going on for years does not make it any less culpable so far as the public interests are concerned.
This court in a comparatively recent case, State, ex rel. Smith, Pros. Atty., v. Maharry, 97 Ohio St., 272, laid down the following proposition of law in the syllabus:
“1. All public property and public moneys, whether in the custody of public officers or otherwise, constitute a public trust fund, and all persons, public or private, are charged by law with the knowledge of that fact. Said trust fund can be disbursed only by clear authority of law.”
It is quite evident from the foregoing that the trustees knowingly and openly permitted and aided the township clerk in thus misappropriating public moneys of the township. That they should respond *262 to the public for this disregard of plain public duty there can be no doubt.
But it is claimed that the judgment of the common pleas court should have been reversed upon another ground, and that is a misjoinder of parties defendant. No' demurrer was interposed by the defendants as to misjoinder of parties defendant, nor was that issue raised by any answer. They went to trial upon a joint answer, and the ordinary rule would therefore be that they have waived any right to afterwards complain of a joint judgment against them. This court, however, must-read into the petition the law of Ohio which recognizes the fact that but three of them could be acting as a board of trustees at any one time. There is nothing in the record to show that either boárd was in collusion or conspiracy with the other board; that there was any common or joint purpose between them as to their course of business in the matter complained of.
The interests of law, as well as justice^ therefore demand that the judgment of the court of appeals, finding no liability upon the ground of negligence in the discharge of a plain public duty, should be reversed, and that this cause should be remanded to the court of common pleas with instructions to hear and determine the amount of liability to be assessed against each trustee, measured by the misappropriation herein involved, in which he participated during his official term, under the evidence and the law as outlined in this opinion, and for which he is legally liable.
*263 Judgment reversed, and cause remanded to the court of common pleas.

Judgment reversed and cause remanded.

Marshall, C. J., Johnson, Hough, Wanamaker, Robinson, Jones and Matthias, JJ., concur.